O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case Nos. 2:10-cr-00454-CAS |
| | ) | 2:16-cv-04124-CAS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| RUDY PADILLA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

On May 19, 2010, Rudy Padilla pleaded guilty to two charges: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(viii); and (2) possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Padilla, 2:10-cr-00454-CAS ("Criminal Case"), dkt. 15, 25. On August 9, 2010, the Court sentenced Padilla to 120 months of imprisonment on each count, to be served concurrently. Criminal Case, dkt. 32.

/ / /

On May 8, 2015, Padilla filed a pro se motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Criminal Case, dkt. 35

On June 10, 2016, Padilla filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Padilla v. United States, 2:16-cv-04124-CAS ("Civil Case"), dkt. 1 ("Habeas Petition"). On June 22, 2016, the government filed its opposition. Civil Case, dkt. 5. On July 22, 2016, Padilla filed a motion to supplement his motion under 28 U.S.C. § 2255 and stay the proceedings based on the then-pending Supreme Court case, Beckles v. United States, 136 S.Ct. 2510 (2016) (order granting certiorari). Civil Case, dkt. 6. On August 11, 2016, the government filed an opposition to Padilla's motion to supplement and stay. Civil Case, dkt. 8. Padilla did not file a reply in support of either motion.

Having carefully considered the parties' arguments, the Court will address each of Padilla's motions, in turn.

## II.   PADILLA'S SENTENCE

Because Padilla's motions both challenge the basis for his sentence, it is important, first, the outline how Padilla's guideline range was calculated and how Padilla was ultimately sentenced.

Before the instant offenses, Padilla had at least three prior felony convictions: (1) possession of a controlled substance for sale in violation of California Health & Safety Code § 11378, (2) possession of marijuana for sale in violation of California Health & Safety Code § 11359, and (3) possession of a controlled substance for sale in violation of California Health & Safety Code § 11378. Criminal Case, dkt. 28 ("Presentence Report") at 4, 7, 11-12.

On July 7, 2010, Daniel Tynan of the United States Probation Office prepared and filed a Presentence Report in petitioner's criminal case. Id. Probation calculated a guideline range pursuant to the Federal Sentencing Guidelines ("Guidelines"), as described below.

A sentencing guideline range is based upon the interaction of an offender's criminal history category and their offense level. A defendant's criminal history category may be determined by adding criminal history points – three points for each "prior sentence" of imprisonment that exceeds one year and one month, two points for each "prior sentence" of imprisonment that is at least sixty days but not counted in the preceding calculation, and one point for each "prior sentence" not counted in either of the preceding calculations, up to a total of four points. See U.S.S.G. § 4A1.1.

Padilla had five prior sentences under the Guidelines, resulting in a total of 11 criminal history points for prior sentences. Presentence Report at 10-12. Padilla committed the instant offenses while on parole and within two years of his prior release from prison. Presentence Report at 10-13. Either of the former conditions would add two criminal history point to Padilla's existing 11. See U.S.S.G. §4A1.1(a)-(c) & 4A1.2 (e)(1)-(2) (two additional points for either condition and three if both are present). Therefore, Padilla was in criminal history category VI. See U.S.S.G. § Ch. 5, Part A, Sentencing Table (13 or more criminal history points places an offender in the highest criminal history category).

Because of his age, controlled substance offense, and prior convictions for controlled substance offenses, Padilla qualifies as a "career offender" within the meaning of guideline § 4B1.1(a). Presentence Report at 8. Therefore, Padilla's offense level was determined by comparing the applicable career offender guideline under §4B1.1 to the otherwise applicable offense level for Padilla's conduct and taking the higher of the two.

1 U.S.S.G. § 4B1.1. Because possession of methamphetamine for sale carries a statutory
2 maximum sentence of 40 years, 21 U.S.C. § 841, Padilla's offense level was 34 under the
3 career offender guideline, U.S.S.G. § 4B1.1. If his offense level were calculated without
4 the use of the career offender guidelines, it would have been 32.[1] Therefore, probation
5 calculated Padilla's offense level as 34, the higher of the two possibilities. Thereafter,
6 Padilla received a reduction of three levels for acceptance of responsibility under
7 U.S.S.G. §§ 3E1.1(a) and 3E1.1(b), and thus his total offense level was reduced from 34
8 to 31. Presentence Report at 8-9.

Based upon his criminal history category of VI and his offense level of 31,
Probation determined that the applicable sentencing guideline range for Padilla's offenses
was 188 to 235 months. Id. at 18.

Ultimately, however, the Court determined that a sentence below the guideline
range was appropriate because of the characteristics of Padilla's offenses, his history of
substance abuse, and family support. Criminal Case, dkt. 34. Therefore, the Court
imposed a sentence of 120 months.

---

[1] Padilla's possession of a firearm was treated as a specific offense characteristic of his possession with intent to distribute methamphetamine, and thus Padilla's two counts were grouped together. Presentence Report at 7. Thereafter the applicable offense level was calculated to be 32 based upon the following guidelines:

| | | |
|---|---|---|
| Base Level **24** | | for felon in possession of firearm after two convictions for controlled substance offenses, U.S.S.G. § 2K2.1(a)(2); |
| | + **2** | Because firearm was stolen, U.S.S.G. § 2K2.1(b)(4); |
| | + **4** | For possession of a firearm in connection with another felony, U.S.S.G. § 2K2.1(b)(6); |
| | + **2** | Because of the offense grouping, U.S.S.G. § 3D1.4. |

### III. PADILLA'S MOTION TO MODIFY HIS SENTENCE IN LIGHT OF SENTENCING GUIDELINE AMENDMENT 782

Padilla first requests appointment of counsel to assist in his motion. Although courts have discretion in § 3582(c)(2) proceedings to appoint counsel, "there is no statutory or constitutional right to counsel for a § 3582(c) motion or hearing." United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009). Because defendant's motion to have his sentence reduced is meritless, the Court declines to exercise its discretion to appoint counsel. See United States v. Richardson, 569 Fed. Appx. 504, 504-05 (9th Cir. 2014) (upholding discretionary decision to not appoint counsel in § 3582(c) proceedings where "[a]ll of the arguments [defendant] claims he could have presented with the benefit of counsel have either been squarely rejected or severely undermined").

Padilla contends that he is entitled to a reduction of his sentence because of Retroactive Guideline Amendment 782 ("Amendment 782"). Amendment 782 reduced the base offense levels for certain drug offenses by two under United States Sentencing Guideline ("USSG") § 2D1.1.[2] Although Padilla pleaded guilty to a crime to which the § 2D1.1 guideline applies (possession with intent to distribute methamphetamine), Padilla's guideline range was not predicated upon § 2D1.1. As described above, Padilla's guideline range was based upon USSG § 4B1.1's career offender provisions. Even if Padilla were not a career offender within the meaning of § 4B1.1, his guideline range would have been based upon his illegal possession of a firearm because it had a higher offense level than his possession with intent to distribute methamphetamine. See Presentence Report at 4-5. Therefore, Padilla's guideline range is unaffected by Amendment 782. United States v. Charles, 749 F.3d 767, 771 (9th Cir. 2014) ("Because [defendant] was sentenced as a career offender (USSG § 4B1.1), the retroactive amendments to the drug guideline (USSG § 2D1.1) do not qualify him for sentence

---

[2] Hence Amendment 782's colloquial name, "Drugs Minus Two."

reduction consideration"). Padilla's motion to for modification of his sentence is **DENIED**.

### IV. PADILLA'S HABEAS PETITION

A prisoner may move the court to vacate, set aside or correct his sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

In the instant § 2255 motion, Padilla appears to argue that his sentence should be vacated, set aside or corrected because his sentence violates due process under the void-for-vagueness doctrine. Habeas Petition at 1. Padilla argues that the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), has implications for his sentence. Id. Specifically, Padilla argues that his offense level was increased because of prior convictions for crimes of violence under U.S.S.G. § 2K2.1(a), that Johnson requires a finding that guideline § 2K2.1(a) is unconstitutionally vague, and accordingly, that his prior state convictions should not be a basis for enhancing his sentence. Id. Padilla also requests a stay of proceedings based on the then-pending decision in Beckles because it may "undo" Padilla's sentence. Mot. to Stay at 1. Padilla's habeas petition is without merit.

As an initial matter, Padilla's sentence was not based upon any guidelines that might have been implicated by Johnson. At issue in Johnson was a specific statutory sentencing provision known as the Armed Career Criminal Act's ("ACCA's") "residual clause," wherein the ACCA defined a "crime of violence." The Supreme Court held that the definition of a "crime of violence" within the ACCA's residual clause is unconstitutionally vague and therefore void. Johnson, 135 S.Ct. 2551. Some guidelines

-6-

use language similar to the ACCA's residual clause. See e.g. U.S.S.G. § 4B1.2(a) (defining a crime of violence as used in § 4B1.1 & § 2K2.1(a)). However, the guideline range applicable to Padilla was not calculated in reliance upon the definition of a crime of violence.

Padilla's criminal history points were calculated using Guideline sections 4A1.1(a)-(e) and 4A1.2(e), none of which reference or rely upon the definition of a crime of violence. Presentence Report at 10-13. Those guidelines placed Padilla in criminal history category VI. As discussed above, § 4B1.1(b) was used to calculate Padilla's offense level of 34.[3] Section 4B1.1(b) applies to offenders with prior convictions for crimes of violence, but it also applies to offenders with prior convictions for controlled substance offenses. U.S.S.G. § 4B1.1(a) (a career offender is someone with "at least two prior felony convictions of *either* a crime of violence *or* a controlled substance" (emphasis added)). Section 4B1.1(b) applied to Padilla because he had prior convictions for controlled substance offenses, not crimes of violence. See Presentence Report at 7-8. Therefore, Padilla's guideline range calculation did not rely upon the definition of a crime of violence in the sentencing guidelines and therefore was not implicated by Johnson's holding.

In any event, petitioner's arguments are foreclosed by the Supreme Court's recent decision in Beckles v. United States, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).[4] In Beckles, the Supreme Court held that its decision in Johnson is inapplicable

---

[3] Anyone who satisfies the definition of career offender in section 4B1.1(a) is automatically placed in criminal history category VI. U.S.S.C. § 4B1.1(b). Therefore, § 4B1.1 provided an alternative basis for determining that Padilla fell within category VI.

[4] Petitioner's motion for a stay pending a decision in Beckles v. United States is **DENIED as moot**.

-7-

to the sentencing guidelines and that the Guidelines are not subject to constitutional challenge under the void-for-vagueness doctrine. Id. at * 3. Padilla seeks to do just that – apply the void-for-vagueness doctrine, as described in Johnson, to the guidelines. Therefore, even if Padilla's guideline range had been premised upon language found to be unconstitutionally vague in Johnson, Padilla would not be entitled to relief.

For the foregoing reasons, Padilla's petition pursuant to 28 U.S.C. § 2255 is **DENIED**.

### VI.   CONCLUSION

Padilla's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2)[5] is **DENIED**. Padilla's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[6] is **DENIED**. Padilla's motion for a stay[7] is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: March 13, 2017

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[5] Criminal Case dkt. 35.

[6] Criminal Case dkt. 36; Civil Case dkt. 1.

[7] Civil Case dkt. 6.

-8-